UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DONALD E. DAVIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV546SNLJ |
| ) | |
| **ST. LOUIS COUNTY COURT** ) | |
| **21ST DISTRICT, ET. AL.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the *pro se* plaintiff's "Petition for Injunction" (#3), filed April 14, 2009. As of today's date, none of the listed defendants have filed a response.

Plaintiff filed a lengthy narrative "Petition" in which he asserts that his "civil rights" have been violated by rulings and actions taken by at least two (2) St. Louis County Circuit judges in connection with an apparently on-going criminal prosecution of plaintiff. Plaintiff's "Petition" is difficult to decipher but it appears that plaintiff contends that he has vision problems in one eye and that the referenced judges have violated "the handicap act" by not allowing his son and/or daughter-in-law participate in the criminal proceeding. He further appears to contend that these same judges have continued to adjudicate the criminal proceeding despite plaintiff's contention that "St. John" is an "invalid City".[1]

The instant "Petition for Injunction" reads as follows:

"With preceding **[sic]** Case #09CV00546SNLJ filed in United

---

[1] It is not clear from the plaintiff's original "Petition for Suit" (#1), filed April 10, 2009 but the Court presumes that the criminal proceeding which is the subject of plaintiff's current federal lawsuit involves the municipality of St. John.

> States District Court Eastern District of Missouri Case Number 06CR-001088 can not be heard in 21st Court District. Any trial proceeding for which the entire 21st Court District has been named in suit for (Plaintiff) Donald E Davis rights have been violated in the 21st Court District. Any court proceeding or ruling or future action by the 21st Court District against (Plaintiff) Donald E Davis would be construed as further harassment and violating Donald E Davis Civil Right's **[sic]** for it would be conflict of interest."

Plaintiff's "Petition for Injunction" (#3), filed April 14, 2009.

Federal courts are generally precluded from interfering with pending state court proceedings. *See*, **Anti-Injunction Act**, 28 U.S.C. §2283; Younger v Harris, 401 U.S. 37 (1971). In Younger v Harris, the Supreme Court held that federal courts should abstain from exercising jurisdiction in actions wherein the plaintiff seeks to enjoin pending state court criminal proceedings. Younger v. Harris, 401 U.S. at 56. The Younger abstention doctrine is based upon comity and federalism, and any interference by a federal court with state criminal processes is permissible only in exceptional cases. Norwood v. Dickey, 409 F.3d. 901, 903 (8th Cir. 2005); Lewellen v. Raff, 843 F.2d. 1103, 1109 (8th Cir. 1988).

A plaintiff seeking to enjoin a pending state court criminal proceeding must demonstrate a threat of "great and immediate irreparable injury that cannot be eliminated by his defense to the state proceeding." Goodrich v. Supreme Court of South Dakota, 511 F.2d. 316, 317 (8th Cir. 1975). Federal courts should abstain from interfering in state court cases when 1) there is an on-going state judicial proceeding which 2) implicates important state interests, and when 3) the proceeding affords adequate opportunity to raise the federal questions presented. Younger v. Harris, 401 U.S. at 46; Norwood v. Dickey, at 903.

In the present situation, plaintiff states only that because he has named the entire "21st Court District" in his lawsuit, any court proceeding adjudicated by any unidentified judge would be a "conflict of interest". This vague assertion is insufficient for this Court to overcome the

Younger abstention doctrine. Even assuming for the moment that the plaintiff can bring a §1983 action against the "entire 21st County Court District", the fact remains that plaintiff can continue making his arguments regarding "constitutional violations" to the state courts via the appellate process. Plaintiff simply has not demonstrated the extraordinary circumstances that warrant federal intervention.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Petition for Injunction" (#3) be and is **DENIED.**

Dated this  27th  day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE