UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD E. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV546SNLJ |
| ) | |
| ST. LOUIS COUNTY COURT, ) | |
| 21ST DISTRICT, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff has filed a "Petition for Suit" wherein it appears that plaintiff is alleging that his civil rights have been violated by the defendants with regard to certain judicial rulings in a pending state court criminal action involving the plaintiff, **Case #06CR-001088**. This matter is before the Court on defendants Judge John Ross and Judge Barbara Wallace's motion to dismiss, or in the alternative, for more definite statement (#14), filed May 12, 2009. As of today's date, plaintiff has failed to file a response.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule

12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

In his complaint, which is a lengthy narrative largely devoid of any significant factual background, plaintiff appears to allege that he has vision problems in one (1) eye which "has impaired Don Davis mental and comprehension ability." Document #1, "Count 6", pg. 1. Throughout his "Petition", plaintiff alleges that the defendants[1] ruled "against the Constitution", acted "unethically", and denied him "the right to a fair trial". The apparent reason for plaintiff's contention that his "constitutional rights" have been violated is that due to his vision impairment, he wanted his son and/or daughter-in-law to participate in his criminal prosecution[2] which was denied by the defendants. He contends that his "constitutional rights" have been violated because of the defendants' violation of "the handicap act".

Defendants contend that the "Petition" should be dismissed because the defendant judges are entitled to absolute judicial immunity for any and all rulings and actions taken within their respective judicial capacities. Defendants further argue that plaintiff's allegations are too vague and conclusionary to state any cognizable claim under §1983 or the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.* Finally, defendants contend that the complaint, as a whole, fails to meet the requirements of Rules 8 and 10 Fed.R.Civ.P. and if not dismissed, the Court should

---

[1] Plaintiff names Judges Ross and Wallace specifically as party-defendants; however, he names the "St. Louis County Court 21st District" as a party-defendant also. Defendants' counsel avers that there has been no summons issued or service upon this "defendant". The Court will *sua sponte* dismiss defendant "St. Louis County Court 21st District" as a party-defendant because it is not a suable entity in a §1983 action. *See*, Will v. Michigan Dept of State Police, 491 U.S. 58 (1989).

[2] Again it is unclear, but apparently, plaintiff was also defending himself *pro se* in his state court criminal prosecution.

strike irrelevant and immaterial matter and require the plaintiff to make his pleading more definite and certain.

Judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial duties. Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Liles v. Reagen, 804 F.2d. 493, 495 (8th Cir. 1986). Judicial immunity applies to claims arising under 42 U.S.C. §1983. Dornheim v. Sholes, 430 F.3d. 919, 925 (8th Cir. 2005); Callahan v. Rendlen, 806 F.2d. 795, 796 (8th Cir. 1986). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Mireles v. Waco, 502 U.S. at 11. There are only two (2) sets of circumstances in which a plaintiff can overcome the doctrine of judicial immunity: 1) if the judge is being sued for actions that were not taken in the judge's judicial capacity, or 2) if the judge is being sued for actions taken "in the complete absence of jurisdiction." Mireles, 502 U.S. at 11-12; *see also*, Liles, at 495 (Court held that the scope of jurisdiction within the context of judicial immunity must be broadly construed and thus, judicial immunity would lie unless there was a clear absence of all jurisdiction).

Further, "judicial immunity is not overcome by allegations of bad faith or malice." Mireles, 502 U.S. at 11. An action taken by a judge in his or her judicial capacity "does not become less judicial by virtue of an allegation of malice or corruption of motive." Forrester v. White, 484 U.S. 219, 227 (1988); *see also*, Pierson v. Ray, 386 U.S. at 554 (The Supreme Court has held that "immunity applies even when the judge is accused of acting maliciously and corruptly."). Finally, a judge "'does not act outside her jurisdiction simply because she makes an unconstitutional or unlawful decision.'". Mayorga v. State of Missouri, 442 F.3d. 1128

A review of the plaintiff's "Petition for Suit" shows that the actions complained of are unequivocally actions taken by the defendant judges within their capacities and jurisdiction as St.

Louis County Circuit Court judges. Plaintiff's vague allegations of "constitutional rights" violations based upon an assertion of a violation of "the handicap act" cannot overcome the doctrine of judicial immunity. Plaintiff's allegations of misconduct and the "unfairness" of the judges' rulings and actions cannot overcome the doctrine of judicial immunity.

Defendant Judges Ross and Wallace are entitled to absolutely immune from plaintiff's §1983 lawsuit. Plaintiff's cause of action will be dismissed with prejudice as to defendants Judges Ross and Wallace.[3]

Accordingly,

**IT IS HEREBY ORDERED** that defendants Judge Ross and Judge Wallace's motion to dismiss (#14) be and is **GRANTED.** Defendants Judge Ross and Judge Wallace are entitled to absolute judicial immunity from this §1983 lawsuit, and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that on the Court's on motion, defendant "St. Louis County Court 21st District" is hereby **DISMISSED WITH PREJUDICE** from this lawsuit.

**IT IS FINALLY ORDERED** that this cause of action be and is **DISMISSED** in its entirety with no further action to be taken.

---

[3]Since the defendants are entitled to absolute judicial immunity, there is no reason for the Court to address the defendants' remaining grounds for dismissal. Furthermore, since this Court has previously granted defendant Fox' motion to dismiss, and will *sua sponte* dismiss defendant "St. Louis County Court 21st District" from this lawsuit, the dismissal of these remaining defendants summarily closes out this cause of action from any further adjudication.

Dated this   27th    day of May, 2009.

                              UNITED STATES DISTRICT JUDGE